No. 19,747.

THE SHAWNEE FIRE INSURANCE COMPANY, *Appellant,* V. THE NATIONAL SURETY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

REMOVAL OF CAUSES—*Right of Foreign Corporation to Removal of Cause to Federal Court Can Not be Abridged by State Laws.* An action brought in the state court against a foreign surety company which is admitted to do business in the state upon the same terms and by the same procedure as foreign life insurance companies are permitted to transact business here may be removed to the federal court if the case is a removable one within the provisions of the acts of congress, notwithstanding the company may have filed its written consent in the insurance department in pursuance of the provisions of section 4122 of the General Statutes of 1909 that actions against the company may be commenced in the county where the cause of action arose or in which the plaintiff resides.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed February 6, 1915. Affirmed.

*D. W. Mulvane, Charles E. Gault,* and *D. R. Hite,* all of Topeka, for the appellant.

*A. L. Berger,* of Kansas City, *W. S. McClintock, A. L. Quant,* both of Topeka, and *Frank Hagerman,* of Kansas City, Mo., for the appellee.

20—94 KAN.

The opinion of the court was delivered by

JOHNSTON, C. J.: Did the district court correctly rule in ordering the removal of an action involving about $50,000, begun by a domestic corporation against a foreign corporation doing business in this state, from the state to a federal court? is the sole question presented on this appeal.

On July 13, 1914, appellant, The Shawnee Fire Insurance Company, a Kansas corporation, commenced an action in the district court of Shawnee county against the appellee, The National Surety Company, a New York corporation doing business in this state, to recover about $50,000 alleged to be due from appellant's general agents and appellee as surety on the bonds of such general agents. A petition and bond for removal were duly filed in the district court, and only a brief notice of the time of hearing was given, but both parties appeared at the hearing. The appellant's objections, first, "that the petition did not state sufficient facts to justify the state court in granting the order," and, second, "that the notice of the petition to remove had not been made as required by law," were overruled, and the court approved the bond and ordered the removal of the action.

On this appeal the appellant contends that the filing of the written consent as provided for in section 4122 of the General Statutes of 1909 irrevocably waives the right of removal of an action to a federal court from the state courts, whereas appellee insists that such written consent does not comprehend an irrevocable waiver of the right of removal of an action, and further, that if so construed such statute would be in violation of the "federal constitution and statutes enacted pursuant thereto" and therefore void.

The statute provides that foreign surety companies are authorized to do business in this state and that such companies may be admitted into the state upon the same terms and conditions under which foreign life

insurance companies are permitted to transact their business in the state. (Gen. Stat. 1909, § 1931.) The statute relating to foreign life insurance companies provides that such companies can not transact any business in the state unless they first obtain a certificate of authority to do so from the superintendent of insurance. Then there is the further provision that:

"Every such company, on applying for admission and authority to transact business in this state, and as a condition precedent to obtaining any such authority, shall file in the insurance department its written consent, irrevocable, that actions may be commenced against such company in the proper court of any county in this state in which the cause of action shall arise or in which the plaintiff may reside by the service of process on the superintendent of insurance of this state, and stipulating and agreeing that such service shall be taken and held in all courts to be as valid and binding as if due service had been made upon the president or chief officer of such corporation. Such consent shall be executed by the president and secretary of the company, authenticated by the seal of the corporation, and shall be accompanied by a duly certified copy of the order or resolution of the board of directors, trustees or managers authorizing the said president and secretary to execute the same. Actions against any such insurance company may be brought in any county where the cause of action arose or in which the plaintiff may reside." (Gen. Stat. 1909, § 4122.)

The contention of appellant is that the consent referred to, in which the company agrees that actions against it may be commenced in the county in which the cause of action arose or in which the plaintiff resides, is an effectual waiver of the right of removal to the federal courts. The purpose of the legislature in enacting the provision must be derived from the language used in it. It will be observed that the consent and agreement spoken of relates only to the courts in which actions against the company may be commenced and does not profess to prohibit the removal or appeal of cases that have been commenced in the proper court.

It may be assumed that the legislature understood that the acts of congress authorized the removal of certain suits from state to federal courts, and also that the power of congress to provide for such removal is supreme, and it may also be assumed that the legislature knew that any provision which it might enact could not limit the jurisdiction conferred by congress on federal courts nor deprive parties of the right of removal which the acts of congress expressly give. If the legislature had contemplated action so radical as an attempt to restrict or impair the right of removal it certainly would have used different language and have gone farther than to require consent that actions against foreign insurance companies should be begun in the court in the county where the cause of action arose or where the plaintiff resided. It has been determined that while a state may revoke the authority of a foreign insurance company for the removal of an action brought against it, there is no power in the state to restrict the jurisdiction of the federal courts or to deprive the company from availing itself of that jurisdiction through the exercise of the right of removal granted by congress. As the state has the power to admit or exclude a foreign corporation at its option, any permit previously granted may be revoked for removing a case to the federal courts where the statute makes such removal a ground for revocation of authority or of exclusion from the state. The same authorities hold that a state statute exacting an agreement in advance not to remove a case is void. (*Doyle v. Continental Ins. Co.*, 94 U. S. 535, 24 L. Ed. 148; *Barron v. Burnside*, 121 U. S. 186, 7 Sup. Ct. Rep. 931, 30 L. Ed. 915; *Security Mutual Life Ins. Co. v. Prewitt*, 202 U. S. 246, 26 Sup. Ct. Rep. 619, 50 L. Ed. 1013; *Western Union Tel. Co. v. Kansas*, 216 U. S. 1, 30 Sup. Ct. Rep. 190, 54 L. Ed. 355; *Harrison v. St. L. & San Francisco R. R.*, 232 U. S. 318, 34 Sup. Ct. Rep. 333, 58 L. Ed. 621.)

Where a statute is open to a construction that will

uphold its validity that construction will be given to it rather than one which would bring it into conflict with the constitution. It is argued that the requirement of consent that actions shall be commenced where the plaintiff resides indicates a purpose on the part of the legislature that cases should not only be commenced but should also be finally determined in the place most convenient to the plaintiff, and where he would be put to little expense or trouble in procuring the attendance of witnesses and in attending court near his home. It would not be contended that the provision would prohibit a change of venue in such cases if statutory grounds for a change were shown to exist, and yet if a change were granted the plaintiff and his witnesses would be compelled to go to a county other than that of his residence. Neither does it preclude an appeal from a judgment rendered against a company in the county of the plaintiff's residence, and in that event he would be required to follow his case to the capital of the state, which might be remote from the county of his residence. The statute provides a restriction as to where such actions shall be begun, but does not, either expressly or by implication, provide that every step in the litigation must be in the county where the actions are instituted. The statute does not purport to except such cases from other statutory provisions providing for change of venue, or appeal, or removal to the federal courts.

An argument against removal is based on the provision of the general corporation act, to the effect that foreign corporations admitted to do business in the state shall be subject to the same judicial control as domestic corporations. (Gen. Stat. 1909, § 1724.) They are subject to judicial control in the sense that they may be sued in the state, and that the laws of the state applicable to them may be enforced against them in the courts. Some of our laws which apply to one class of domestic corporations are

not applicable to others, and yet all are subject to judicial control. In like manner foreign corporations admitted to do business in the state, although creations and citizens of another state, are subject to the laws of Kansas applicable to them, and these may be enforced against them in the courts. Judicial control may be exercised by federal as well as state courts, and in some cases domestic as well as foreign corporations may be brought within the jurisdiction of federal courts, and cases brought against either of them in state courts may, where grounds exist, be removed to the federal courts. The provision relating to judicial control does not restrict or impair the right of removal of actions against foreign corporations to the federal courts.

The judgment of the district court is affirmed.